Harrell v. Johnson.

No. 19,026.

ADA HARRELL, as Administratrix, etc., *Appellee*, v.
GEORGE H. JOHNSON, *Appellant*.

SYLLABUS BY THE COURT.

LANDLORD AND TENANT—*Wheat Harvested by Landlord—Division of Net Proceeds.* A renter of land agreed with the owner to put in a crop of wheat and harvest it, each to take as his portion one-half of the crop, with the exception that in the event that the land was sold before harvest time instead of a share of the crop the renter was to receive from the owner of the land the value of the time and labor expended in putting in the crop. Hearing that the land had been sold the renter failed to harvest the crop and the owner procured it to be done, and also sold and otherwise disposed of the wheat. Upon a trial the jury awarded to the renter the value of one-half of the crop less the expense of harvesting it determined by the customary rate for harvesting wheat. *Held*, that there was testimony sufficient to support the verdict.

Appeal from Comanche district court; GORDON L. FINLEY, judge. Opinion filed October 10, 1914. Affirmed.

*Jay T. Botts*, of Coldwater, for the appellant.

*D. E. McCrory*, of Pratt, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action upon a rental contract. George W. Harrell agreed with George H. Johnson, the owner of a farm, to put in a crop of wheat for which Harrell was to receive as his share one-half of the crop providing the land was not sold by the owner, but in case of a sale before the crop was taken off Johnson was to pay Harrell for the time and labor expended in putting in the crop. In that connection there was a stipulation that if the land was not sold Johnson was to waive any damage he might be entitled to from Harrell by reason of his failure to comply with a contract of purchase of the land previously made be-

Harrell v. Johnson.

tween the parties. Harrell put one hundred and twenty-five acres of the farm in wheat and because he had heard from some source that the land had been sold he took no steps to harvest or care for the crop. Johnson then employed others to harvest and thresh the wheat and obtained 1067 bushels, which, it is conceded, was worth at the time eighty cents per bushel. After harvest and before a settlement was effected Harrell died, and his wife, as administratrix of the estate, brought this action. She first claimed that she was entitled to two-thirds of the crop, but in her testimony admitted that under the agreement her husband was to receive only one-half of the crop. Upon the testimony the jury returned a verdict in her favor for $207.58.

Johnson appeals and complains that the testimony did not justify the verdict, asserting that if appellee was entitled to recover anything she should have recovered $426.80, the full value of one-half of the wheat obtained from the farm. The specific complaint is that there was no testimony showing what was the usual division of crops under similar circumstances in that community and that the jury were not warranted in using their own knowledge as to the prevailing custom there. The proof did show that in case the land was not sold Harrell was to harvest the crop and receive one-half of it as his portion. It was also shown that the land was not sold and hence it devolved on Harrell to harvest the crop. He had intended to hire others to do this work, and as it was his duty to harvest the crop the cost of the work was properly chargeable to him and rightly taken out of the proceeds of the crop. It can not be said that there was no proof as to the expense of harvesting the wheat in that community, because one witness who testified that he was acquainted with the customary rate for harvesting wheat there stated that the average rate was from $1.50 to $1.75 per acre. The jury evidently allowed appellant the maximum rate of $1.75 as it appears that the harvesting of one hundred and twenty-five acres

at that rate amounts to $218.75, and this amount deducted from the value of one-half of the wheat gives substantially the amount awarded by the jury. It thus appears that the verdict of the jury was based upon testimony rather than upon their own knowledge either as to the renter's share or the cost of harvesting wheat. The share to which the renter was entitled was determined by the agreement of the parties, and in deducting the price of harvesting from the renter's share of the crop the jury used the rate which the evidence showed was the average price charged for cutting wheat in that county. The contention that the appellee was entitled to $426.80 or nothing is not sound as Harrell was responsible for the harvesting of the wheat, and the appellee is not complaining that the expense of harvesting the crop, as determined by the customary rate, was deducted from the value of one-half of the crop.

There is no complaint of the instructions or of rulings upon the admission of testimony, and as there is evidence to support the verdict the judgment will be affirmed.